PEARSON, Chief Judge.
Harry Horowitz filed a complaint on behalf of the Meridian 17 Corporation in which he claimed to be a fifty per cent stockholder. In the complaint he attempted to establish certain rights in the corporation, including the right to the remedy of specific performance of .a contract to lease land located in Dade County, Florida. He appeals from a final judgment which dismissed his stockholder’s derivative action upon the ground that he was barred by the doctrine of res judicata because of a judgment of a court of the State of New York. We reverse upon a holding that the derivative action is not barred by a judgment in an action for relief personal to the plaintiff and not pertaining to the corporation’s rights.
Horowitz brought an action in the courts of New York for the recovery of money due him in a contract with the appellee, United Investors Corporation. Later he brought the present stockholder’s derivative action in the State of Florida. The progress of the Florida action was stayed by an order of the trial court dated 22 April 1968. In that order the court recited it was staying progress in the action in Florida because:
“1. * * * both the cause of action brought in New York and this cause are based upon the same instrument;
2. * * * the Court of New York can determine all issues and can grant all of the relief being sought here;
3. * * * the parties and the interests of the parties are the same in the New York action as here * *
The determination by the trial court was that “all proceedings herein shall be stayed pending resolution of the issues in the cause of action pending in the Supreme Court of the State of New York.”
The order staying the progress of the Florida action was appealed to this court and affirmed. See Horowitz v. United Investors Corporation, Fla.App.1968, 212 So.2d 85. The affirmance was upon the authority of a case standing for the proposition that a trial court has the discretionary power to stay proceedings in a cause to *721 abide the outcome of other litigation. (Connor v. Elliott, 59 Fla. 227, 52 So. 729 [1910].) The affirmance in this court also cited as authority a United States Supreme Court case.
The New York action was settled by payment of Horowitz’s claim in full and the entry of a stipulation and order discontinuing the action. After the settlement of the New York action the defendant, which was also the defendant in Florida, made a motion for final judgment upon the ground that the defense of res judicata was a bar to the action in Florida. The motion attached as exhibits exemplified copies of the New York action and the order of discontinuance. The trial judge apparently with the consent of both parties accepted the documents in evidence and proceeded to take testimony as to their legal effect. The court found as follows:
“ * * * that in conformity with the prior Order of this Court dated April 22, 1968, * * * all matters pending in this cause could have been brought in the New York action. Inasmuch as Plaintiff failed to assert those rights he could have asseted in New York, he now does not have the right to continue to assert said claims in the State of Florida. The opportunity was available to him in New York and he chose not to do so in view of the final disposition of the said New York action.”
Based upon these findings the court entered final judgment in favor of the ap-pellee.
On this appeal Horowitz urges first that it was procedural error to grant the motion to dismiss upon a factual basis before an answer was filed. We do not discuss this point because it is our conclusion from the record that Horowitz did not object to the procedure employed by the trial court. The judgment appealed from sets forth appellant’s failure to object to the admission into evidence of the documents proving the New York settlement and discontinu-anee. Cf., e. g., Coleman v. Coleman, Fla. App.1966, 191 So.2d 460, 471.
Horowitz’s second point urges that the trial judge misconstrued the legal effect of the stipulation and order of discontinuance in the New York action. It is true, as recited by the trial judge, that the two causes proceeded out of the same contract. They were in fact attempts to enforce two separate portions of that contract. But more importantly the two actions were brought by the appellant in two separate capacities. In the New York suit the appellant proceeded as an individual to recover a debt owed to him personally. In the Florida suit the appellant is attempting to enforce claimed rights of a corporation in which he is a fifty per cent stockholder. We have recently had occasion to point out that where causes are brought in different rights they are separate causes of action. See General Dynamics Corporation v. Hewitt, Fla.App. 1969, 225 So.2d 561. In addition as set forth in the last cited opinion the civil practice of the State of Florida forbids the joinder of causes which arise out of separate rights. See Rule 1.110(g), Florida Rules of Civil Procedure. Thus insofar as the courts of Florida are concerned the New York cause and the Florida cause were separate and distinct and could not be joined in the same action.
 We conclude that the discontinuance of the New York action did not bar further proceedings in the Florida action. The principles applicable to the defense of res judicata have been set forth in Mims v. Reid, Fla. 1957, 98 So.2d 498, and Rosenthal v. Scott, Fla.1961, 150 So.2d 433. See also Equitable Fire and Marine Insurance Company v. Bradford Builders, Inc., Fla. App.1965, 174 So.2d 44. We do not think a further extended discussion of the defense necessary. But we should point out that under the law of this state the doctrine of res judicata bars an action only if it clearly appears that that action *722 could have been brought with a previously litigated action.
Appellee has suggested affirmance of the present judgment is required under the law of the case as established by our prior decision in Horowitz v. United Investors Corporation, Fla.App.1968, 212 So. 2d 85. This argument is not persuasive in view of the fact as set out above that the affirmance by this court of the temporary stay order was upon the basis of the trial court’s discretion to make such an order in a proper case. Our affirmance did not determine that the findings upon which the trial judge proceeded were beyond challenge in subsequent proceedings.
We therefore determine that the defense of res judicata does not appear as a matter of law from the record before us. The cause is remanded for the entry of an order requiring the appellee to answer the complaint within a stated time. We do not intend by this remand or any statement in this opinion to prevent the litigation in the trial court of the defense of res judicata if that defense shall be properly pleaded.
Reversed and remanded with directions.