585 So.2d 387 (1991)
Daniel RICIGLIANO, Louis Benarducci, Robert Barnwell, Anthony Masiello, M. Jacqueline Henwood, Charles Paladino, Russel Pizzutto, David Modica, Eleanor Modica, Deborah W. Scoppechio, Robert A. Scoppechio, John R. Modica, Donna M. Modica, Robert Rohe, Samuel Rich, Martin Kamin, Linda Kamin, Individually, and On Behalf of All Others Similarly Situated, Appellants,
v.
PEAT, MARWICK, MAIN & COMPANY, Timothy Hart, Henry Gayer, and Keith Cobb, All Individually and Jointly, Appellees.
No. 91-1215.
District Court of Appeal of Florida, Fourth District.
August 21, 1991.
Rehearing and Rehearing Denied October 9, 1991.
Christopher B. Knox, Law Offices of William P. Doyle, Hollywood, for appellants.
Lewis N. Brown and Linda H. Gottlieb, Gilbride, Heller & Brown, P.A., Miami, for appellees KPMG Peat Marwick and Keith Cobb.
Rehearing and Rehearing En Banc Denied October 9, 1991.
PER CURIAM.
Appellants seek review of the trial court's denial of their motion for relief from a stay order. We treat appellants' non-final appeal as a petition for writ of common law certiorari and deny the petition. See Fla.R.App.P. 9.100.
Appellee, Peat, Marwick, Main & Company, is presently a defendant in several consolidated cases in federal court. The basis for these suits is the alleged fraudulent misrepresentation by Peat, Marwick, among others, in its dissemination of financial information relating to the sale of stock in Sahlen & Associates, Inc., a publicly held corporation. Subsequently, appellants filed the instant lawsuit seeking redress from Peat, Marwick and three of its employees for alleged misrepresentation and fraud in their financial statements representing the strength of Sahlen & Associates.
The trial court granted appellees' motion for stay based upon the previously filed, similar federal court action. Appellants seek relief from the stay on the grounds that the state and federal lawsuits are not sufficiently similar to warrant a stay. We disagree. While there is a disparity in the parties to the two actions, both suits seek to certify an almost identical class of plaintiffs. Further, the basis for the two actions are the same, the alleged false and fraudulent financial representations regarding Sahlen and Associates.
Trial courts are afforded broad discretion in granting or denying stays, and the state and federal actions sub judice are sufficiently similar to warrant the trial court's stay of the subsequently filed state action. See Neale v. Aycock, 340 So.2d 535 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 405 (Fla. 1977); Horowitz v. United Investors Corp., 227 So.2d 719 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 180 (Fla. 1970); 1 *388 Am.Jur.2d Actions § 95; 1 Fla.Jur.2d Actions § 40. We hold that, under the facts, appellants have failed to show that the trial court departed from the essential requirements of law and that they will suffer irreparable harm because of the stay.
Accordingly, we deny appellants' petition for common law certiorari.
CERTIORARI DENIED.
DELL and STONE, JJ., concur.
FARMER, J., concurs with opinion.
FARMER, Judge, concurring in the result.
If plaintiffs had timely brought us the original stay order, entered May 1990, I might have agreed that any stay was improper. My review of the pleadings in both the federal and state actions suggests to me that the claims in state court may be outside the subject matter jurisdiction of the federal court. And even if pendent jurisdiction is applicable, i.e. if the state law claims arise from a common nucleus of operative fact, there is nothing in the record furnished us to show whether Judge Hoeveler has concluded that the state common law fraud and deceit claims should be tried with the federal rule 10b-5 claims.
I also believe that staying civil proceedings in a Florida state court in deference to a civil action in the United States District Court for the Southern District of Florida between different parties, even where the actions are "sufficiently similar", in a proper case may result in substantial harm. It is common knowledge that the judges of the Southern District, although among the best and most productive in the nation, are literally swamped with a criminal docket second to none in the country. It is also well known that Judge Hoeveler is the presiding judge in one of the most notable "high profile" criminal cases this country has ever seen, a trial that is likely to take many months or even more than a year.
In this case, however, the stay was already a year old when the motion for relief was brought to us. Moreover, it now appears that Judge Hoeveler will soon rule on a motion to certify the class; indeed he may have already done so. If plaintiffs here elect to opt-out of the federal class, then they may re-apply to the state court judge to lift the stay. That circumstance seems to make any review now by us a gross interference with the trial judge's broad discretion as to pretrial proceedings.
I thus concur with the result only.