625 So.2d 128 (1993)
POLARIS PUBLIC INCOME Funds, et al., Petitioners,
v.
Donald EINHORN, et al., Respondents.
No. 93-1091.
District Court of Appeal of Florida, Third District.
October 19, 1993.
*129 Weil, Gotshal & Manges and Joseph Gotshal and Bruce J. Berman and Joseph S. Allerhand, Miami, Steel, Hector & Davis and Gerry S. Gibson and Adalberto Jordan and Jonathan Sjostrom, West Palm Beach, for petitioners.
Zack, Hanzman, Ponce, Tucker, Korge & Gillespie and Michael Hanzman and Jennifer G. Altman, Keith E. Hope, Miami, for respondents.
Before NESBITT, COPE and GODERICH, JJ.
PER CURIAM.
The securities class action Weisl v. Polaris Holding Co., No. 29,239/92 (N.Y. Sup. Ct.) was filed October 28, 1992 in a New York supreme court. The Weisl complaint seeks to certify a nationwide plaintiff class composed of "all purchasers of [Polaris] Limited Partnership Units and their successors and assigns." The purported class consists of "approximately 78,732 persons and entities throughout the United States" and seeks damages for common law fraud, negligent misrepresentation, breach of fiduciary duty, breach of the Federal Securities Act of 1933, violation of NASD rules, and breach of implied covenant. About three months after the filing of the New York complaint, a subset of the New York putative plaintiff class filed a similar class action in Dade County. The Florida complaint alleges a failure to disclose in violation of Florida's Blue Sky Law, section 517.301, Florida Statutes (1991). Prudential Securities, also one of the defendants in the New York action, moved for a stay in the Dade trial court based on the New York action and the Polaris defendants joined. The trial court held a hearing and denied the stay. Polaris petitioned this court to issue a writ of certiorari to review the non-final order denying stay. We grant the petition for certiorari, quash the non-final order of the trial court, and remand with instructions to grant the requested stay.
The pivotal question is whether the Florida action is so similar in parties and issues as to be unnecessarily duplicative of the prior-filed New York state proceedings. In the instant case, all Florida parties are currently represented in the New York putative class action, and substantially the same issues are being litigated. The New York proceedings would dispose of all the issues raised in the Florida complaint. The only difference lies in the mechanisms for addressing the issues: the Florida plaintiffs present their fraud and misrepresentation complaint through the state fraudulent securities transactions statute, § 517.301 Fla. Stat. (1991), while the New York complaint states causes of action for common law fraud, negligent misrepresentation, and breach of fiduciary duty, as well as violations of the 1933 Federal Securities Act. The Florida action is essentially subsumed within the New York action. In the event the New York putative class action is certified, the Florida plaintiff class will be permitted to opt out and pursue their individual claims in Florida without regard to the stay.
Principles of comity between sovereigns suggest that a court of one state should stay a proceeding pending before it on grounds that a prior-filed case involving substantially that same subject matter and parties is pending in another state's courts. Bedingfield v. Bedingfield, 417 So.2d 1047, 1048 (Fla. 4th DCA 1982), review dismissed, 427 So.2d 736 (Fla. 1983). This principle holds true whether the action was earlier filed in a state or federal court. Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387 (Fla. 4th DCA 1991) (state and federal actions were sufficiently similar to warrant the trial court's stay of the subsequently filed state action).
There is nothing in the record to support the respondent's contention that the Florida plaintiff class will be irreparably prejudiced by a stay of the Florida proceedings, either by delay in the New York proceedings or otherwise. Under these circumstances *130 we find the trial court abused its discretion in denying the petitioners' motion to stay the Florida proceedings. Accordingly, we grant the writ of certiorari, quash the order under review, and remand with instructions to grant the stay.