643 So.2d 1107 (1994)
REWJB GAS INVESTMENTS, a Florida general partnership; F.S. Convenience Stores, Inc., as general partner of REWJB Gas Investments; and Toni Gas and Food Stores, Inc., as general partner of REWJB Gas Investments, Petitioners,
v.
LAND O' SUN REALTY, LTD., a Florida limited partnership, by and through its general partners, Alan S. Fogg, Jr., as general partner, Stephen M. Fogg, as general partner and Suzanne Fogg Rentz, as general partner, Respondents.
No. 94-1545.
District Court of Appeal of Florida, Fourth District.
August 31, 1994.
Rehearing Denied November 8, 1994.
Jose Garcia-Pedrosa and Humberto H. Ocariz of Tew & Garcia-Pedrosa, Miami, for petitioners.
Julie A. Moxley and Curtis Carlson of Carlson & Bales, P.A., Miami, for respondents.
KLEIN, Judge.
Petitioners obtained an order staying this eviction case from proceeding in the trial court, pending the outcome of another suit, and seek review of that portion of the order requiring them to pay into the registry of the court, as a condition of the stay, more than the rent under the lease. We have certiorari jurisdiction to review orders determining motions to stay a case pending the disposition of another case. Robinson v. Royal Bank of Canada, 462 So.2d 101 (Fla. 4th DCA 1985). There is also authority that a stay is reviewable as a non-final appeal. See Klein v. Royal Group, Ltd., 524 So.2d 1061, 1063 n. 1 (Fla. 3rd DCA 1988). We conclude that the imposition of the condition was proper.
Petitioner/lessees operate convenience stores known as Farm Stores in Dade, Broward and other Florida counties. Respondents are the lessors of the various stores. Lessees filed a suit for declaratory relief in Dade County seeking a ruling that the leases on the various stores had not been terminated. Lessors maintained that the leases had been terminated.
*1108 Subsequently lessors instituted this eviction action in Broward County for the Broward County stores, and lessees sought a stay of the eviction proceedings in Broward County, pending the outcome of the declaratory action in Dade County which will apparently determine whether all of these leases have been terminated.
The Broward trial judge granted the motion to stay eviction proceedings in Broward, but conditioned the stay on lessees paying rent into the registry of the court which was more than the amount of the rent required under the leases. Lessors convinced the trial court that the lease provided for below market rent, and that fair market rent should be required.
Petitioner/lessees seek review, arguing that there is no authority for imposing a monetary condition on a stay of an action in the trial court. They cite no authority, however, to persuade us that such a condition cannot be imposed.
The granting of a stay of proceedings by a trial court, pending the outcome of an action in another court, is in the broad discretion of the trial court. Neal v. Aycock, 340 So.2d 535 (Fla. 1st DCA 1976). Here lessees are seeking to stay eviction proceedings even though their lease may not be in effect. If it is determined that these leases were terminated, an unconditional stay would cost the lessors the difference between the below market rent being paid under the lease, and market rent which the lessors could have obtained if the lessees were evicted. We think that under these circumstances both the decision to grant the stay, and the conditions upon which it would be granted, were within the discretion of the trial court.
We analogize the granting of the stay, under these circumstances, to a temporary injunction.[1] In the absence of a stay the lessors would be entitled to proceed with their eviction proceedings. It seems to us that, just as with a temporary injunction, if lessees want a stay of those proceedings, there is nothing unfair or improper about the lessees having to post sufficient security to make lessors whole if it turns out that the lessees should have been evicted. See Klein, at 1063 n. 1 (Fla. 3rd DCA 1988), observing that stays and temporary injunctions should be reviewed under the same principles.
Petitioner/lessees also argue that the trial court abated the action, and that security is not required for abatement. Abatement has stricter requirements regarding identity of parties and causes of action than a stay. Burns v. Grubbs Construction, Inc., 174 So.2d 476, 478 (Fla. 3rd DCA 1965) and Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387 (Fla. 4th DCA 1991). Unlike a stay, which is discretionary, a party may be entitled as a matter of law to abatement of a second lawsuit, because of the pendency of another action, and thereby entitled to a dismissal of the second lawsuit. Moresca v. Allstate Insurance Company, 231 So.2d 283 (Fla. 4th DCA 1970). In this case, although lessees moved for abatement or stay, the court only granted a stay, and we need not decide whether the security would have been proper as a condition of abatement.
We therefore deny certiorari.
STONE and POLEN, JJ., concur.
NOTES
[1] We do not mean to suggest, by comparing the granting of the stay to a temporary injunction (which requires a bond), that security would always be required. We simply hold that security may be required as a condition for a stay.