645 So.2d 1055 (1994)
REWJB GAS INVESTMENTS, a Florida General partnership; F.S. Convenience Stores, Inc., as general partner of Rewjb Gas Investments; and Toni Gas and Food Stores, Petitioners,
v.
LAND O'SUN REALTY, LTD., a Florida limited partnership, by and through its general partners, Alan S. Fogg, Jr., as general partner, Stephen M. Fogg, as general partner, and Suzanne Fogg Rentz, as general partner, Respondents.
No. 94-2072.
District Court of Appeal of Florida, Fourth District.
November 16, 1994.
*1056 Humberto H. Ocariz and Jose Garcia-Pedrosa of Tew & Garcia-Pedrosa, Miami, for petitioners.
Curtis Carlson of Carlson & Bales, P.A., Miami, for respondents.
POLEN, Judge.
Petitioners are the tenants in an eviction proceeding below. They seek review of a June 24, 1994 order denying their motions to stay (or abate) the consolidated eviction cases below until disposition of a related and previously filed Dade County declaratory action, in which the parties are seeking a determination of the duration of the lease agreement which covers the commercial properties which are also the subject of the instant Palm Beach County eviction proceedings. We have certiorari jurisdiction to review orders determining motions to stay a cause pending the disposition of another case. See REWJB Gas Investments v. Land O'Sun Realty, Ltd., 643 So.2d 1107 (Fla. 4th DCA 1994). We quash the order denying the stay and direct the trial court to enter a stay pending the disposition of the Dade County case.
We specifically hold that by denying the stay, under the particular facts at bar, the trial court abused its discretion and departed from the essential requirements of the law which could result in irreparable harm that could not be repaired by plenary appeal. See Lightsey v. Williams, 526 So.2d 764 (Fla. 5th DCA 1988) (failure to abate or stay trespass proceedings pending earlier-filed declaratory judgment action in another county which involved the same parties and the same or substantially the same causes of action constitutes an abuse of discretion and a departure from the essential requirements of the law); Robinson v. Royal Bank of Canada, 462 So.2d 101 (Fla. 4th DCA 1985) (where two actions involving the same parties and essentially the same issues are simultaneously pending, it is a departure from the essential requirements of the law to deny the motion to stay the second action). Unless the instant eviction action is stayed, both courts will simultaneously be considering the same facts and the same legal issues, creating a risk of conflicting decisions. This risk is further magnified by the fact that there are at least twelve other cases pending in various other Florida courts in which the same legal question has been raised by the same parties on the same facts. Further, as the resolution of a common contract interpretation issue would appear to be dispositive of all these eviction actions, it would not be in the interest of judicial economy to have more than one court make the same decision.
We have considered and reject the respondent/landlord's argument that the local action rule, providing that a second action can proceed if the second court has in rem jurisdiction over the property in question, governs because the Dade County Court lacks subject matter jurisdiction over the eviction action. Rather, we find that the predominant issue before the eviction case can even be disposed of is the lease interpretation question, over which both courts have concurrent jurisdiction. Thus, we do not recede from our conclusion that it was a departure from the *1057 essential requirements of the law to deny a motion for stay where another court has already exercised jurisdiction over the parties and issues in the action sought to be stayed. We further note that abatement, which was alternatively sought in the petitioner's motion for stay, would not have been available as there was not a complete identity of parties between the consolidated eviction case below and the Dade County declaratory action, as one party to the Dade County proceedings is not a party to the proceedings below. See Lightsey v. Williams, 526 So.2d 764, 766 (Fla. 5th DCA 1988). We therefore grant the petition, quash the order denying the stay and direct the trial court to enter a stay pending the disposition of the Dade County case.
HERSEY and KLEIN, JJ., concur.