800 So.2d 355 (2001)
Philip J. SAUDER, William L. Gray, Ralph E. Stewart, Paul Whiting, Dennis Dunn, Burton McGillivray and ASI Acquisition, L.L.C., Petitioners/Appellants,
v.
Lawrence RAYMAN and Ethan Alpert, in their capacity as Members and on behalf of ASI Acquisition, L.L.C., a Delaware limited liability company, and individually, Respondents/Appellees.
Nos. 4D01-2338, 4D01-2361.
District Court of Appeal of Florida, Fourth District.
November 28, 2001.
*357 Jeffrey B. Crockett and Sean R. Santini of Aragon Burlington Weil & Crockett, P.A., Miami and Jay D. Hanson and Paul A. Reynolds of Gray Cary Ware & Freidenrich LLP, San Diego, CA, for petitioners/appellants.
Leonard K. Samuels and Jeffrey S. Wertman of Berger Singerman, Fort Lauderdale, for respondents/appellees.
WARNER, J.
In this consolidated petition for writ of certiorari and non-final appeal, petitioner, ASI Acquisition, L.L.C. ("ASI"), challenges a trial court's order denying its motion to abate or dismiss for improper venue. ASI contends the trial court departed from the essential requirements of law in failing to abate this Florida action in favor of a prior filed federal suit in Illinois. It further contends that it had a forum selection clause which entitles it to have this suit brought in Illinois. We deny the petition and affirm the appeal.
ASI purchased an aircraft parts business from respondents Rayman and Alpert. The sale consisted of a stock purchase agreement and a subscription and securities restriction agreement. Just over a year after the sale, ASI filed suit in federal district court in Illinois against Rayman and Alpert, alleging that they fraudulently induced ASI's purchase of the business. The claims included violations of statutes prohibiting fraudulent/deceptive securities transactions, fraud, negligent misrepresentation, contractual indemnity, breach of fiduciary duty, and a declaration action relating to Rayman's employment. The operative facts revolve around actions taken prior to the sale by Rayman and Alpert to artificially inflate the value of the business.
About three months later, Rayman and Alpert, individually and on behalf of ASI in a derivative capacity, sued ASI and the members of its board of directors for fraudulently inducing respondents to enter into the subscription agreement and for breaching their fiduciary duties by mismanaging the company after the sale. The operative facts involved the petitioners' representations as to how they would manage the company once sold and the *358 acts they took after the sale which were detrimental to the company.
ASI and the directors moved for abatement based upon the principle of priority, which provides that where actions involving the same parties and subject matter are pending concurrently in two different states, or pending concurrently in state and federal courts, abatement or stay of the later filed action is proper. See Graham v. Graham, 648 So.2d 814, 815 (Fla. 4th DCA 1995); Thomas v. English, 448 So.2d 623, 623 (Fla. 4th DCA 1984). Rayman and Alpert objected, claiming the parties and the claims differed between the two actions. The trial court denied the motion. We have jurisdiction. See REWJB Gas Invs. v. Land O'Sun Realty, Ltd., 645 So.2d 1055, 1056 (Fla. 4th DCA 1994) (certiorari jurisdiction exists to review orders determining motions to stay one cause pending disposition of another).
Trial courts have broad discretion in granting or denying stays of subsequently-filed actions. See REWJB Gas Invs. v. Land O'Sun Realty, Ltd., 643 So.2d 1107, 1108 (Fla. 4th DCA 1994); Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387, 387 (Fla. 4th DCA 1991). An important consideration for the court is the identity of parties and issues. While abatement requires complete identity of parties and causes of action, see REWJB, 643 So.2d at 1108, a stay should require substantial similarity of parties and actions. See REWJB, 645 So.2d at 1056-57.
We have examined both complaints in this case, and their causes of action do not involve the same operative facts and issues. The Illinois complaint involves actions by Rayman and Alpert to inflate the value of the business prior to the sale, and the Florida complaint involves representations by the directors before the sale and management decisions they made after the sale. Each suit would require proof of different facts. For this reason, we conclude that the trial court did not depart from the essential requirements of law or abuse its discretion in denying the abatement.
ASI and the directors also argue that the forum selection clauses of the stock purchase agreement and the subscription agreement mandate dismissal of the Florida case. Florida law recognizes the right of contracting parties to agree on the forum in which a dispute may be heard, as long as enforcing their selection would be reasonable and just. See Manrique v. Fabbri, 493 So.2d 437, 440 (Fla. 1986). The question is whether the forum selection clause is a mere consent to jurisdiction (permissive jurisdiction) or a mandatory requirement (mandatory jurisdiction). Assuming the circuit court found the clauses in this case to be permissive, as respondents/appellees argued below, petitioner/appellant's burden on appeal is to show that the trial court's finding is "clearly erroneous." Garcia Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273, 275 (Fla.1987).
Forum selection clauses are permissive rather than mandatory where they lack words of exclusivity. See Sanwa Bank, Ltd. v. Kato, 734 So.2d 557, 562 (Fla. 5th DCA 1999). Permissive clauses do nothing more than "consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue" in another forum. Granados, 509 So.2d at 274-75. In contrast, the clause is said to be mandatory if it states that any litigation must, or shall, be initiated in a specified forum. See id. at 275.
The intent of the parties and the language used in the particular forum provision are the primary factors for determining if a provision is permissive or mandatory. See id. If the language of a forum clause can be given more than one *359 reasonable interpretation, it should generally be construed against the drafter when there is a dispute as to its meaning. See id. (citing Zapata Marine Serv. v. O/Y Finnlines, Ltd., 571 F.2d 208, 209 (5th Cir.1978)).
We have reviewed the language of the various clauses in this case and conclude that they are permissive rather than mandatory. The stock purchase agreement states that "the parties submit to the jurisdiction of any federal court sitting in Chicago ... and agree that all claims in respect of such action or proceeding may be heard and determined in any such court." (Emphasis added). This language is permissive as to forum selection. It provides a consent by all parties to submit to jurisdiction in Chicago but does not require that all actions be filed there. It would permissively allow claims which arise in other jurisdictions to be pursued in that forum. The second two forum selection clauses from the subscription agreement provide that the parties
"consent to the nonexclusive jurisdiction of any state or federal court" in Cook County, Illinois, "and irrevocably agree that subject to ASI's election, all actions or proceedings arising out of or relating to this agreement shall be litigated in such courts." [Raymon or Alpert] accepts for himself and in connection with his properties generally and unconditionally, the nonexclusive jurisdiction of the aforesaid courts and waives any defense of forum non conveniens ...
These terms appear to be contradictory in that one is permissive ("nonexclusive jurisdiction") and one is mandatory ("all actions... shall be litigated in such courts"). While petitioners claim it is mandatory, respondents contend it is permissive. In this regard, the case is similar to Dataline Corp. v. L.D. Mullins Lumber Co., 588 So.2d 1078 (Fla. 4th DCA 1991), where this court faced a forum selection clause subject to two reasonable interpretations. The trial court had denied a motion to dismiss for improper venue. Noting that, on appeal, the appellant had the burden to show that the determination of the trial court was clearly erroneous, we stated:
We cannot know for certain the intent of the parties. However, we agree that the forum clause does not foreclose multiple interpretations. In essence, Dataline claims that the forum clause is exclusive and mandatory. Mullins claims on the other hand that the forum clause is permissive and only applies if Mullins is being sued by Dataline, and not vice versa. It appears that both of these interpretations are reasonable. That conclusion requires us to affirm the trial court's order finding the provision permissive.
Id. at 1080. Likewise, faced with the reasonable interpretations of conflicting provisions of the forum selection clauses in the subscription agreement in this case, we cannot conclude that the trial court erred in finding that the provision was permissive.
We therefore affirm.
GUNTHER and KLEIN, JJ., concur.