877 So.2d 820 (2004)
The J.M. SMUCKER CO., Petitioner,
v.
Glen RUDGE, on behalf of himself and all others similarly situated, Respondents,
The J.M. Smucker Co.,
v.
Debra Frenkel, on behalf of herself and all others similarly situated, Respondents,
The J.M. Smucker Co.,
v.
Ann Hart Berning, on behalf of herself and all others similarly situated, Respondent.
No. 3D04-1402.
District Court of Appeal of Florida, Third District.
July 7, 2004.
*821 Tew Cardenas LLP and Lawrence A. Kellogg, P.A., for petitioner.
Harke & Clasby, LLP, Lance A. Harke, P.A., and David J. Maher; Shepherd, Finkelman, Miller & Shah, LLC, and Scott R. Shepherd (Fort Lauderdale); Tomchin & Odom, P.A., and Kenneth A. Tomchin (Jacksonville); Barbara Slott Pegg (Ponte Vedra Beach); and, for respondent.
Before SCHWARTZ, C.J., and COPE and SHEPHERD, JJ.
PER CURIAM.
Petitioner, J.M. Smucker Co. ("Smucker"), seeks certiorari review of an order denying its motion to stay proceedings in these three consolidated Florida putative class actions pending the resolution of a substantially identical purported national class action in Illinois state court. We have jurisdiction, see Fla. R.App. P. 9.030(b)(2) and REWJB Gas Investments v. Land O'Sun Realty Ltd., 645 So.2d 1055 (Fla. 4th DCA 1994), rev. denied, 654 So.2d 919 (Fla.1995), and quash the order of the trial court.
On May 16, 2003, Sari Smith filed a class action lawsuit in the Circuit Court of Cook County, Illinois, Smith v. J.M. Smucker Co., No. 03CH08522, (the "Illinois case") on behalf of "[a]ll purchasers in the United States of America of spreadable fruit products labeled Simply 100% Fruit manufactured, produced, and sold by J.M. Smucker Co. excluding its directors, officers and employees" for consumer fraud, deceptive business practices, unjust enrichment, and breach of warranty, alleging that Smucker's Simply 100% Fruit products do not contain 100% fruit. Within a few months thereafter, three additional purported class action lawsuits were filed by the respondents herein, each seeking to certify classes of Florida purchasers of Smucker's Simply 100% Fruit products and making the same operative allegations.[1] The Illinois case is being vigorously litigated, and a resolution of the class certification issue is anticipated in the near future.
The issue in this case is whether the Florida actions are so similar in parties and issues as to be unnecessarily duplicative of the previously filed Illinois state proceeding. If so, principles of comity among sovereigns suggest that this court should stay the proceedings in these cases pending the resolution of the Illinois case. Polaris Public Income Funds v. Einhorn, 625 So.2d 128 (Fla. 3d DCA 1993) (citing Bedingfield v. Bedingfield, 417 So.2d 1047, 1048 (Fla. 4th DCA 1982), rev. dismissed, 427 So.2d 736 (Fla.1983)). "This principle *822 holds true whether the action was earlier filed in a state or federal court." Polaris Public Income Funds v. Einhorn, 625 So.2d 128, 129 (Fla. 3d DCA 1993) (citing Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387 (Fla. 4th DCA 1991)).
In this case, all of the Florida lawsuits contain the same basic allegations as the pre-existing Illinois case. The issues of law and fact are identical in all three Florida cases: (a) whether Defendant's spreadable fruit products labeled Simply 100% Fruit contain less than 100 percent fruit; (b) whether Defendant misrepresented and/or omitted information about its spreadable fruit products labeled Simply 100% Fruit; and (c) whether Defendant has been unjustly enriched to the detriment of Plaintiff and the class. We find that the allegations and causes of action in the Florida cases are substantially identical to the allegations made in the Illinois case, and that all three Florida cases should be stayed pending the resolution of the national class action pending in Illinois state court. In so doing, we reject respondents' argument that Smucker's contesting of the class certification in Illinois precludes it from seeking a stay of the Florida actions. To hold otherwise would obligate Smucker's to stand mute on national class issue in order to obtain temporary relief here. We also reject respondents' contention that Smucker's will not be irreparably harmed. The lower court's failure to stay the Florida case subjects Smucker's to duplication of efforts and costs, as well as the possibility of inconsistent judgments.
Based on the foregoing we conclude that the trial court departed from the essential requirements of law in denying relief to Smucker's on its Motion to Stay. See Sabol v. Bennett, 672 So.2d 93 (Fla. 3d DCA 1996). As such, we grant the petition for certiorari, quash the non-final order of the trial court, and remand with instructions to grant the requested stay.
NOTES
[1] Eighteen other similar state court class actions have been filed in eleven states.