937 So.2d 1139 (2006)
OFFICE DEPOT, INC., Petitioner,
v.
MARSH & McLENNAN COMPANIES, INC., Marsh, Inc., Marsh USA, Inc., American International Group, Inc., American International Specialty Lines Insurance Company, American Home Assurance Company, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, The St. Paul Travelers Companies, Inc., Discover Reinsurance Company, St. Paul Fire & Marine Insurance Company, Travelers Casualty & Surety Company of America, Ace American Insurance Company, Zurich American Insurance Company, and American Guarantee and Liability Insurance Company, Respondents.
No. 4D05-4644.
District Court of Appeal of Florida, Fourth District.
August 16, 2006.
Rehearing Denied October 19, 2006.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, Sidney A. Stubbs, and Joanne M. O'Connor of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, Edmund M. Kneisel, James F. Bogan, III, and Svetlana Gans of Kilpatrick Stockton LLP, Atlanta, GA, for petitioner.
Sylvia H. Walbolt, Steven E. Brodie, and Dean A. Morande of Carlton Fields, P.A., Miami, for respondents American International Group, Inc., American International Specialty Lines Insurance Company, American Home Assurance Company, and National Union Fire Insurance Company of Pittsburgh, Pennsylvania.
*1140 Francis A. Anania and Ana M. Alexander of Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein, Miami, for respondents Marsh & McLennan Companies, Inc., Marsh, Inc., and Marsh USA, Inc.
Peter W. Homer and Gregory J. Trask of Homer Bonner, Miami, for respondents The St. Paul Travelers Companies, Inc., Discover Reinsurance Company, St. Paul Fire and Marine Insurance Company, Travelers Casualty and Surety Company of America.
William R. Scherer and Susan H. Aprill of Conrad & Scherer, LLP, Fort Lauderdale, for respondents ACE American Insurance Company.
Christopher E. Knight of Fowler White Burnett, P.A., Miami, for respondents Zurich American Insurance Company and American Guarantee & Liability Insurance Company.
GROSS, J.
The circuit court granted a stay of this case pending certification of a class action in New Jersey federal court. The court ruled on the erroneous assumption that its ruling was required by a case from this court. We therefore grant the petition for writ of certiorari and remand to the circuit court to reconsider the issue of whether a stay should be granted.
In the circuit court, Office Depot sued Marsh & McLennan Companies, an insurance broker, along with numerous insurance companies. Office Depot contended that Marsh had conspired with the insurance companies to rig bids and assure that certain companies would obtain Office Depot's insurance business; the suit contended that Marsh received kickbacks from insurers which it did not credit against the fees Office Depot paid to Marsh for its services.
Marsh and the insurer-defendants moved to stay or abate the state court proceedings pending developments in an earlier-filed, multidistrict class action case in a New Jersey federal district court. Office Depot responded that: (1) it had no intent to participate in the New Jersey class action and (2) it was not bringing a class action in Florida or alleging any federal claims.
The circuit court believed that it was required to stay the Florida case because of Polaris Public Income Funds v. Einhorn, 625 So.2d 128 (Fla. 3d DCA 1993), which it erroneously believed to be a case from this court.
The law in this district did not mandate that the circuit court grant a stay in this case. "Trial courts have broad discretion in granting or denying stays of subsequently-filed actions." Sauder v. Rayman, 800 So.2d 355, 358 (Fla. 4th DCA 2001); Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387 (Fla. 4th DCA 1991). To decide whether a stay should be granted, a trial court "has power to weigh the circumstances for and against a stay, including. . . the unlikelihood of early disposition of the federal" case. ITT-Cmty. Dev. Corp. v. Halifax Paving, Inc., 350 So.2d 116, 118 (Fla. 1st DCA 1977). Among the other factors the court might consider are whether the federal and state courts have concurrent jurisdiction, see U.S. Borax, Inc. v. Forster, 764 So.2d 24, 29 (Fla. 4th DCA 1999), whether the two cases "involve the same operative facts and issues[,]" Sauder, 800 So.2d at 358, whether the case involves "dueling" class actions, cf. Polaris, 625 So.2d at 129, Ricigliano, 585 So.2d at 387, whether Office Depot is likely to opt out of the New Jersey class action, and whether the Florida case involves unique fact issues that will not be resolved in the New Jersey case. If there would be no conflict between the final judgments of the Florida and New Jersey *1141 courts, then one of the bases for staying the Florida case is absent. See Wade v. Clower, 94 Fla. 817, 114 So. 548, 551 (1927). To decide the stay issue, the circuit court might also consider those arguments Marsh made in New Jersey to oppose class certification.
STONE and FARMER, JJ., concur.