960 So.2d 819 (2007)
REGIONS BANK f/k/a Union Planters Bank, N.A., Petitioner,
v.
Ralph GLENDINNING, Respondent.
No. 4D07-1564.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
David S. Garbett of Garbett, Bronstein, Stiphany Allen & Roza, P.A., Miami, for petitioner.
No response required for respondent.
PER CURIAM.
Regions Bank seeks certiorari review of a trial court order denying its motion to stay proceedings on its complaint for declaratory relief seeking to establish that it had no liability under a letter of credit. We deny the petition.
Trial courts have broad discretion in granting or denying stays of subsequently-filed actions. See Office Depot, Inc. v. Marsh & McLennan Cos., 937 So.2d 1139, 1140 (Fla.2006); REWJB Gas Invs. v. Land O'Sun Realty, Ltd., 643 So.2d 1107, 1108 (Fla. 4th DCA 1994). Given this broad discretion, Regions has a heavy burden to demonstrate a departure from the essential requirements of law. A stay requires "substantial similarity of parties and actions." Sauder v. Rayman, 800 So.2d 355, 357 (Fla. 4th DCA 2001).
Regions contends that a related case in the Bahamas justifies a stay in this one. Regions is not a party to the Bahamas case. The Bahamas case is primarily a contract action; the declaratory action concerns the bank's responsibility under a letter of credit. The issues regarding the letter of credit are largely independent of the underlying but separate agreement for the sale of the Bahamas property. See generally Daiwa Prods., Inc. v. Nationsbank, N.A., 885 So.2d 884, 889 (Fla. 4th DCA 2004); § 675.102(4), Fla. Stat. (2006). The trial court did not abuse its discretion in denying the stay.
GUNTHER, POLEN, and GROSS, JJ. concur.