COPE, J.
 

 This is an appeal from an order transferring venue to Palm Beach County based on a provision in a purchase contract. We reverse.
 

 The appellant purchased a leather sofa which was custom made. The price was over $4,000 and the price was paid in full. The appellant sued the appellee alleging that the sofa turned out not to be leather and it turned out to be poorly manufactured. The plaintiff filed suit in Miami-Dade County and the defendant moved to transfer venue based on a mandatory venue selection clause in the purchase contract. The mandatory venue selection clause language on the reverse side of the contract is placed in the middle of a section entitled “Default.” The first two or three sentences deal with default in payment. This is followed by the language requiring venue for a dispute to be in Palm Beach County.
 

 The mandatory venue selection clause reads as follows:
 

 7. DEFAULT
 
 — In the event buyer cancels or otherwise does not adhere to the overall terms of the sales contract, Revolving Charge Agreement, Credit Card Agreement, buyer forfeits to seller any deposit, or payment amount as liquidated damages to be used for ordering, restocking, storage, financing and administrative expenses associated with the original sales contract. In addition buyer agrees that seller’s retention of these amounts shall be in addition to any other remedy to which seller is otherwise entitled, pursuant to the default provision of the Revolving Charge Agreement o[r] Credit card agreement. Legal venue for all disputes shall be Palm Beach County. Unless a separate written Revolving Charge Agreement or Credit Card agreement exists full payment for the sales contract is due and payable upon receipt of the merchandise, SELLER reserves the right to levy 1.5% interest per month, 19.56 Annual Percentage Rate, on any outstanding balances past due and unpaid by buyer. SELLER shall also be entitled to recover from buyer attorney’s fees and costs incurred in the enforcement of the terms of this agreement.
 

 Because of the placement of the language, we conclude that this venue selection clause applies only in default payment cases, which is not the case here.
 
 See Sauder v. Rayman,
 
 800 So.2d 355, 358 (Fla. 4th DCA 2001) (in interpreting forum selection clause, Court looked to the intent of the parties and the language used in the particular forum provision).
 

 We reverse.