# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-18
Lower Tribunal No. 17-17875
_____

## Lincoln Enterprise, LLC, etc.,
Appellant,

vs.

## Herbert Z. Bookstein,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Shevlin & Atkins, and Andrew S. Atkins, for appellant.

Berger Singerman LLP, and Mitchell W. Berger and Jeffrey S. Wertman (Fort Lauderdale), for appellee.


Before LOGUE, SCALES and LINDSEY, JJ.

SCALES, J.

Appellant Lincoln Enterprise, LLC, the tenant, seeks appellate review of a non-final order that lifted a previously entered stay on eviction proceedings

against it. We lack jurisdiction to review the trial court's non-final order and dismiss the appeal.

In July of 2017, Lincoln Enterprise filed a declaratory judgment action seeking court intervention to resolve the parties' dispute over the calculation of annual rent under the parties' lease agreement.

Approximately two weeks after Lincoln Enterprise filed its declaratory judgment action, appellee Herbert Z. Bookstein, the landlord, filed a separate complaint against Lincoln Enterprise for summary eviction and damages. In this eviction action, Bookstein alleges that Lincoln Enterprise is in default under the lease for failure to pay an increased sum of rent. In the eviction action, Lincoln Enterprise filed an answer and affirmative defenses, in which it raises many of the same issues that form the basis of its declaratory judgment action. In the eviction case, Bookstein filed a motion pursuant to section 83.232 of the Florida Statutes to have the court set an evidentiary hearing to determine the amount of rent Lincoln Enterprise should pay into the registry of the court while the dispute is pending. The trial court set a December 8, 2017 hearing date for Bookstein's section 83.232 motion.

Based on the parties' stipulation, the trial court, in October of 2017, consolidated the two cases under the earlier filed declaratory judgment action's case number (2017-017875-CA-09). In its consolidation order, the trial court

2

determined that "the two cases are interrelated and a just, fair and complete resolution of the issues raised in both cases can be accomplished more efficiently and expeditiously by consolidating the cases."

On November 22, 2017, the trial court stayed the eviction proceedings for thirty days and cancelled the December 8, 2017 hearing. A week later, on November 29, 2017, the trial court entered the order on appeal that lifted the previously entered stay and re-set the December 8th hearing on Bookstein's section 83.232 motion.[1] Bookstein has moved to dismiss Lincoln Enterprise's appeal on both jurisdictional and mootness grounds.

In Lincoln Enterprise's response to Bookstein's motion to dismiss the appeal, Lincoln Enterprise states, "the subject matter on appeal is the lower court's error in not staying the Landlord's later filed Eviction Action, pending the disposition of the Tenant's Declaratory Judgment Action because the two cases involve the same parties and the same subject matter."

Irrespective of how Lincoln Enterprise characterizes "the subject matter on appeal," it is axiomatic that this Court's appellate jurisdiction is limited to review of those non-final orders specifically scheduled in Florida Rule of Appellate

---

[1] For reasons not entirely clear from the record, Bookstein re-set the December 8th hearing to January 26, 2018. We denied Lincoln Enterprise's motion to stay this hearing.

3

Procedure 9.130(a)(3). Consequently, we lack subject matter jurisdiction to review the trial court's November 29, 2017 non-final order and dismiss the appeal.[2]

    Appeal dismissed.

---

[2] In opposition to Bookstein's dismissal motion, Lincoln Enterprise cites the certiorari case of REWJB Gas Invs. v. Land O'Sun Realty, Ltd., 645 So. 2d 1055 (Fla. 4th DCA 1994). In REWJB, our sister court, citing concerns over "a risk of conflicting decisions," quashed a trial court's order refusing to stay eviction proceedings because related declaratory judgment actions were pending "in various other Florida courts in which the same legal question has been raised by the same parties on the same facts." Id. at 1056. The concern in REWJB – that "another court has already exercised jurisdiction over the parties and issues in the action sought to be stayed" Id. at 1057 – simply does not exist here. Indeed, by consolidating the eviction and declaratory judgment actions, the trial court has eliminated any risk of conflicting decisions, and has ensured that only one court will adjudicate the parties' principal dispute.