DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WESTMOUNT FINANCIAL LIMITED PARTNERSHIP,** a Nevada Limited
Partnership,
Petitioner,

v.

**COURTNEY PROPERTY, LLC,** a Florida limited liability company,
**FLORENCE D. DORAN, JOHN DORAN, DORAN HOLDINGS I, LLC,** a
Florida limited liability company, **ST. LUCIE CAPITAL, LLC,** a Florida
limited liability company, and **TIMOTHY DORAN,**
Respondents.

No. 4D18-0311

[August 22, 2018]

Petition for writ of certiorari to the Circuit Court for the Nineteenth
Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 16-
731-CA.

Nichole J. Segal and Andrew A. Harris of Burlington & Rockenbach,
P.A., West Palm Beach, and Richard K. Slinkman of Slinkman, Slinkman
& Wynne, P.A., Jupiter, for petitioner.

Nathan E. Nason of Nason, Yeager, Gerson, White & Lioce, P.A., Palm
Beach Gardens, for respondent Timothy Doran.

PER CURIAM.

Westmount Financial Limited Partnership ("Westmount") appeals a
non-final order denying its motion to dismiss a counterclaim pursuant to
Florida Rule of Appellate Procedure 9.130(a)(3)(A). The basis of
Westmount's motion to dismiss was that the claims raised in the
counterclaim were nearly identical to the claims pending in a separately
filed lawsuit in New Jersey. As the order denying the motion to dismiss
does not "concern venue" as contemplated under Rule 9.130(a)(3)(A), we
do not have jurisdiction as to that order on direct appeal. Nonetheless,
because exposure to a potential inconsistent ruling on the same issue by
a different court can constitute irreparable harm, we treat the appeal as a
petition for writ of certiorari. *See Inphynet Contracting Servs., Inc. v.
Matthews*, 196 So. 3d 449, 462–63 (Fla. 4th DCA 2016); *REWJB Gas Invs.*

*v. Land O'Sun Realty, Ltd.*, 645 So. 2d 1055, 1056 (Fla. 4th DCA 1994). For the reasons discussed below, we deny certiorari without prejudice to Westmount seeking a stay or severance of the counterclaim.

This case arose from a 2006 loan by Westmount to Courtney Property, LLC. As part of the loan transaction, several parties, including respondent Timothy Doran ("Doran"), executed guarantees for the loan. Following an alleged default on the loan, Westmount sued Courtney Property, LLC and the various guarantors in Florida. At the time the Florida lawsuit was filed, Westmount and Doran were already embroiled in a separate lawsuit in New Jersey concerning other dealings between the parties. Specifically, Doran and several other plaintiffs sued Westmount and its principal for, amongst other things, breach of fiduciary duty, fraud, tortious interference, and conspiracy. Notwithstanding the pending New Jersey lawsuit, Doran filed a counterclaim in the Florida lawsuit comprised of counts nearly identical to the ones pled in the New Jersey lawsuit. In response, Westmount moved to dismiss the counterclaim based on the principle of priority. Following a brief hearing, the trial court denied the motion to dismiss without any explanation.

We deny certiorari relief due to the posture of this case. Although it is abundantly clear that the counts listed in Doran's counterclaim are nearly identical to the counts listed in the New Jersey lawsuit and that exposure to a potential inconsistent ruling on the same issues by a different court can constitute irreparable harm, Westmount did not seek the proper remedy. The proper remedy in such a circumstance would be to either stay or sever the counterclaim. *See, e.g., Inphynet,* 196 So. 3d at 463; *REWJB,* 645 So. 2d at 1056–57. Accordingly, it cannot be said that the trial court departed from the essential requirements of the law in denying Westmount's motion to dismiss and we therefore deny the petition for writ of certiorari. Because it is not clear from the record whether the trial court considered a stay of the counterclaim as an alternative to dismissal, we deny the petition without prejudice to Westmount seeking a stay or severance of the counterclaim in the trial court.

DAMOORGIAN, CONNER and KLINGENSMITH, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***

2