DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DESTINY FULFILLED OUTREACH MINISTRIES, INC.** d/b/a
**LITTLE WALKER'S AT THE EARLY LEARNING CENTER,**
Appellant,

v.

**INVESTMENTS SWK, LLC,**
Appellee.

No. 4D22-228

[March 15, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John Hurley, Judge; L.T. Case No. CONO21-024517.

Michael L. Buckner of Buckner Legal Self-Help Program, Inc., Coral Springs, for appellant.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, for appellee.

GROSS, J.

We affirm the final judgment of eviction in all respects. The evidence at trial and the language of the Letter of Intent both support the trial court's conclusion that there was no meeting of the minds on the formation of a five-year commercial lease. The tenancy was a month-to-month tenancy which was properly terminated by the landlord.

The county judge did not abuse his discretion in denying appellant's motion for stay immediately prior to the eviction trial. The case upon which appellant relies, *REWJB Gas Investments v. Land O'Sun Realty, Ltd.*, 645 So. 2d 1055 (Fla. 4th DCA 1994), is distinguishable. That case involved a declaratory judgment in Dade County and twelve cases pending in various other courts around the state. *Id.* at 1056. This case involved a breach of contract action in the circuit court and an eviction action in the county court, both in the same circuit. Significantly, appellant litigated the eviction action for several months, without bringing the motion to stay to the court's attention until the day of the eviction trial. There is no indication in *REWJB* that the party seeking a stay similarly

delayed in bringing the issue before the court. Finally, appellant never filed a copy of the circuit court complaint in this case, so it is not a part of the record on appeal. The breach of contract action pending in the circuit court may well have benefitted from the county court's determination that no term lease was formed.

*REWJB* does not stand for the proposition that a stay of a county court case is always mandated when related cases are pending in the circuit and county courts. Rather, that case was based on "the particular facts at bar." *Id.* Here, under different facts, the granting of a stay was a discretionary call for the trial court.

*Affirmed.*

CONNER and ARTAU, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**