919 So.2d 612 (2006)
Humberto BECKFORD, et al., Petitioners,
v.
GENERAL MOTORS CORPORATION, et al., Respondents.
No. 3D05-1781.
District Court of Appeal of Florida, Third District.
January 18, 2006.
*613 Cohen Milstein Hausfeld & Toll and Daniel A. Small and Justine J. Kaiser and Michael D. Hausfeld, Washington, D.C.; Stearns Weaver Miller Weissler Alhadeff & Sitterson and Alexander Angueira and Anastasia I. Kokotis and Jay B. Shapiro, Miami, for petitioners.
Salas Ede Peterson & Lage and Douglas E. Ede, South Miami, for respondents.
Before WELLS and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Petitioners seek a writ of certiorari to review the trial court's denial of their motion to lift an order staying this state court class action pending the disposition of a previously filed federal court class action involving substantially the same parties and issues. The federal class action was brought on behalf of a nationwide class while the instant action was brought on behalf of a Florida class. Petitioners contend that the trial court erred in denying their motion to lift the stay where the instant state action contains Florida law claims for alleged violations of (1) Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), sections 501.201-501.213, Florida Statutes (2002), and (2) Florida's Motor Vehicle Licensing Act ("FMVLA"), sections 320.60-320.641, Florida Statutes (2002), which were not raised in the federal action. We disagree and deny the writ.
It is well-settled that when a previously filed federal action is pending between substantially the same parties on substantially the same issues, a subsequently filed state action should be stayed pending the disposition of the federal action. Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927); Oviedo v. Ventura Music Group, 797 So.2d 634 (Fla. 3d DCA 2001); see also Polaris Public Income Funds v. Einhorn, 625 So.2d 128 (Fla. 3d DCA 1993).
In the instant case, the record reflects that the parties and subject matter at issue are substantially the same in both the federal and state action, and that the state action is essentially subsumed within the federal action. See, e.g., Einhorn, 625 So.2d 128 (holding that a state action brought by a subset of the putative class in New York was sufficiently similar in parties and issues to warrant a stay of a Florida state action pending disposition of the New York action, notwithstanding the fact that the Florida action asserted claims under Florida law while the New York action asserted claims under common law and federal law). It is apparent that Petitioners could have asserted their Florida claims in the federal class action but chose instead to file their claims in a Florida state court. Petitioners' unilateral decision should not modify the long-standing *614 principle that a subsequently filed state action should be stayed pending resolution of the federal action. See Wade, 94 Fla. 817, 114 So. 548; Oviedo, 797 So.2d 634. We find that the trial court did not abuse its discretion in denying Petitioners' motion to lift the stay order and, accordingly, deny the writ of certiorari.
Certiorari denied.