961 So.2d 1032 (2007)
Philip PILEVSKY, etc., et al., Petitioners.
v.
MORGANS HOTEL GROUP MANAGEMENT, LLC, Respondent.
No. 3D06-1989.
District Court of Appeal of Florida, Third District.
July 18, 2007.
*1033 Coffey Burlington Wright Crockett Schwep Kaplan & Blonsky and Kendall Coffey and Mark Journey, Miami, for petitioners.
Kozyak Tropin Throckmorton and Michael S. Olin and David P. Milian and Carmen Contreras-Martinez, Coral Gables; Friedman Kaplan Seiler & Adelman, New York City, NY for respondent.
Before COPE, FLETCHER, and LAGOA, JJ.
LAGOA, Judge.
Petitioners Philip Pilevsky, SB Realty Corp., Sheila Levine, Jeffrey Levine, Michael Pilevsky, Diana Marrone, Richard Burton, Clark SB II LLC, Clark SB LLC, the Clark Foundation, Jane Clark, the Scriven Foundation, Kevin Moore and Philips SB Associates LLC, ask this Court to grant their petition for writ of certiorari and quash the trial court's order denying a stay of proceedings. Because we find that these proceedings involve both substantially similar parties and substantially similar issues as are involved in a parallel proceeding before the Supreme Court of the State of New York, we grant the petition for certiorari and quash the trial court's order denying a stay of proceedings.[1]
I. FACTUAL HISTORY
In 2001, Philips South Beach ("PSB"), opened the Shore Club hotel ("Shore Club"), a hotel/resort property in Miami Beach, Florida. In July, 2002, PSB, the *1034 Shore Club's owner, entered into a management agreement with Ian Schrager Hotel Management, LCC ("ISHM"), to take over the day-to-day operations at the Shore Club. Respondent Morgans Hotel Group Management LLC ("Morgans") is the successor in interest to ISHM.[2] Because Morgans owns and manages the Delano Hotel ("Delano"), a nearby hotel/resort property, the parties negotiated contractual provisions that require Morgans not to manage the Shore Club in a manner that benefits the Delano at the Shore Club's expense. Over time, PSB, and Pilevsky in particular, concluded that Morgans had been managing the Shore Club and the Delano in such a manner as to benefit the Delano in violation of the management agreement.
On January 17, 2006, PSB initiated a nine-count lawsuit against Morgans and affiliated defendants in New York County ("the New York action"). The complaint alleges that Morgans, along with the other defendants, engaged in a "fraudulent scheme to improperly enrich themselves at the expense of the Shore Club," by both transferring income to the Delano which properly belonged to the Shore Club, and conversely transferring the Delano's expenses to the Shore Club. PSB claimed that Morgans diverted through various schemes and marketing/booking practices millions of dollars from the Shore Club to its own benefit. PSB also claimed that Morgans destroyed documentation revealing the scheme. PSB sought a declaration that the managing agreement was terminated, an accounting of the Shore Club's financial affairs, and damages for breach of fiduciary duty, breach of contract, tortious interference with a business relationship, breach of implied covenant of good faith and fair dealing, unfair competition, and for unjust enrichment.
On April 28, 2006, Morgans initiated a four-count lawsuit in Miami-Dade circuit court against PSB's owners/principals ("the Florida action"). Morgans alleged that after it had turned the Shore Club into a financially viable hotel, Pilevsky and PSB began a scheme to oust Morgans from its management contract. Morgans alleged that the individual PSB investors have consistently and falsely coveted Morgans' vendors and accused Morgans of being an unfaithful business partner. Morgans alleges that such accusations have been conjured in an attempt to terminate the management contract. Morgans seeks damages for breach of the management contract and for tortious interference with actual and prospective business and economic relations with Morgans' vendors. Additionally, Shore Club Holdings LLC, as a minority investor in PSB, seeks to assert derivative claims against PSB's individual investors for breach of fiduciary duty on behalf of nominal defendant PSB.
PSB sought to stay the Florida action on the ground that the Florida action involves substantially similar parties and substantially similar issues as the New York action, such that resolution of the first-filed New York action will ultimately decide most claims in the Florida action. The trial court denied the stay on the ground that Morgans' tort claims could not be brought against certain Florida residents in New York.
II. STANDARD OF REVIEW
"Although a trial court has broad discretion to order or refuse a stay of an action pending before it, it is nonetheless *1035 an abuse of discretion to refuse to stay a subsequently filed state court action in favor of a previously filed [state] action which involves the same parties and the same or substantially similar issues. This rule is based on principles of comity." Florida Crushed Stone Co. v. Travelers Indemnity Co., 632 So.2d 217, 220 (Fla. 5th DCA 1994). Comity principles dictate that an action should be stayed, and a trial court departs from the essential requirements of law by failing to grant such a stay, when the first-filed lawsuit involves substantially similar parties and substantially similar claims. Cuneo v. Conseco Servs., LLC, 899 So.2d 1139, 1141 (Fla. 3d DCA 2005).
III. ANALYSIS
We find that the disposition of this appeal is governed by Polaris Public Income Funds v. Einhorn, 625 So.2d 128 (Fla. 3d DCA 1993) and Leslie Fay Retail Outlets, Inc. v. Gallery Manufacturing Corp., 653 So.2d 1106 (Fla. 3d DCA 1995).
In Polaris, this Court stated:
Principles of comity between sovereigns suggest that a court of one state should stay a proceeding pending before it on grounds that a prior-filed case involving substantially the same subject matter and parties is pending in another state's courts.
Id. at 129. This Court also noted in Polaris that "[t]he pivotal question is whether the Florida action is so similar in parties and issues as to be unnecessarily duplicative of the prior filed New York state proceedings." Id. at 129. We answer that question here in the affirmative. Both the New York and Florida actions involve substantially similar parties and substantially similar issues. Although only PSB is named as plaintiff in the New York action, the only additional parties named as defendants in the Florida action are PSB's individual investors and officers. Although that difference would require denial of a motion to abate the Florida action, it does not favor denial of a motion to stay. See Sauder v. Rayman, 800 So.2d 355, 358 (Fla. 4th DCA 2001); REWJB Gas Invs. v. Land O'Sun Realty, Ltd., 645 So.2d 1055, 1056-57 (Fla. 4th DCA 1994); Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387 (Fla. 4th DCA 1991). Florida courts, including this one, regard forum shopping with displeasure, and that policy would be meaningless if a party could avoid the dictates of comity by simply naming nominal defendants in a second-filed action.
Although the trial court correctly noted that Morgans' tort claims may not be entirely resolved in the New York action, the issues relating to the management contract  the central issues in both actions  will be resolved by the New York action. Florida law is clear that, "the causes of action do not have to be identical" to require a stay of the second-filed action. Florida Crushed Stone Co. v. Travelers Indem. Co., 632 So.2d 217, 220 (Fla. 5th DCA 1994). "It is sufficient that the two actions involve a single set of facts and that resolution of the one case will resolve many of the issues involved in the subsequently filed case." Id. Resolution in the New York action of whether Morgans breached the management contract will undoubtedly resolve Morgans' inverse claim in the Florida action that PSB's investors breached first. Moreover, resolution in the New York action of whether Morgans acted to the Shore Club's detriment in dealing with its vendors will resolve most, if not all, issues in the Florida action relating to whether PSB's investors tortiously interfered with those same vendors.
Both Morgans and the trial court essentially concede the above points and Morgans must therefore rely on its argument *1036 that the derivative claims will not be resolved in the New York action. The derivative claims, however, hinge upon whether Morgans or PSB's investors breached the management contract first. A finding in the New York action that Morgans breached the management contract would mean that PSB and its major investors could not have acted improperly toward Morgans by seeking redress for that breach, and the derivative claims asserted by Shore Club Holdings, LLC (an affiliate of Morgans) would be extinguished. Conversely, a finding in the New York action that Morgans acted properly would substantially strengthen the derivative claims by eliminating a dispositive affirmative defense to them.
"While the two cases are not identical, the disposition of the [New York action] will resolve many of the issues raised" in the Florida action. State v. Harbour Island, Inc., 601 So.2d 1334, 1335 (Fla. 2d DCA 1992). Morgans' "unilateral decision" not to assert its claims as a counter-claim in the New York litigation "should not modify the long-standing principle that subsequently filed" actions should be stayed in favor of a first-filed action in another jurisdiction. Beckford v. General Motors Corp., 919 So.2d 612, 613-14 (Fla. 3d DCA 2006).
The trial court's concern that Morgans may be unable to obtain personal jurisdiction over two Florida residents in a potential New York counterclaim is not the standard for according deference to a first-filed action. Because many of the issues in the Florida action will be resolved by the New York action, it is necessary to stay the Florida action until such time as the New York action is concluded. See, e.g., Edgar v. Cape Coral Med. Ctr., Inc., 712 So.2d 1209, 1211 (Fla. 2d DCA 1998). To the extent that there are any unresolved issues with regard to those Florida residents, the Florida action may proceed at the conclusion of the New York action.
As the record reveals no valid reason for a departure from the general rule of comity, refusal to stay the Florida action constituted an abuse of discretion. Accordingly, we grant certiorari, quash the order denying the stay, and remand with directions to stay this suit pending disposition of the New York action.
NOTES
[1] This Court has certiorari jurisdiction to review a trial court's order denying a stay of proceedings. See Polaris Public Income Funds v. Einhorn, 625 So.2d 128 (Fla. 3d DCA 1993).
[2] When Morgans assumed management of the Shore Club, a Morgans' affiliate, the Shore Club Holdings LLC invested in PSB.