STEVENSON, J.
McDonald’s USA, L.L.C., and Charles Robeson, defendants below (collectively “Defendants”), seek certiorari review of a non-final order, denying, in part, their motion to stay the proceedings in favor of a federal lawsuit, which McDonald’s previously filed against Keith Melton, Mark Watson, and Melton Management, Inc. (“the Melton group”). The order granted a stay in favor of McDonald’s, but denied the stay as to Robeson. Defendants challenge that part of the order that denied the stay as to Robeson. We grant the petition.

The federal action

The facts involving the two lawsuits are somewhat lengthy, but are summarized for our analysis. On November 18, 2008, McDonald’s filed an action against the Melton group in the United States District Court for the Middle District of Florida for breach of a release agreement, declaratory judgment, and damages for violation of Florida’s anti-wiretapping law. McDonald’s federal complaint alleged that the Melton group operated certain franchises in Florida. McDonald’s breach of contract count alleged that when the Melton group began complaining about the financial performance of their franchise in Delray Plaza, McDonald’s agreed to provide financial *677 assistance in the form of temporary rent reduction and a lump sum distribution, but required the Melton group to execute a general release. McDonald’s further alleged that, immediately prior to execution of the release, representatives of the Melton group met with Robeson, expressing concern over whether Baywinds, another franchise scheduled to open in December, would generate sufficient sales. Robeson told them they did not have to accept Baywinds if they were concerned, but the Melton group accepted it nonetheless. Less than three months later, they began to complain about the performance of that restaurant. Subsequently, the Melton group demanded that McDonald’s compensate them for losses at the two restaurants and the reduction in value of other franchises, which they had been operating pri- or to signing the release. McDonald’s refused to comply, and the Melton group retained counsel and threatened to sue. McDonald’s sought damages for the alleged breach of the release agreement.
McDonald’s second count was for declaratory relief, asserting that the Melton group’s position — that Robeson offered permanent rent relief and made representations creating a fiduciary relationship— would essentially rewrite the franchise agreement, which states that McDonald’s makes no representations as to the profitability of a restaurant. Count three claimed that the Melton group recorded their conversations with Robeson concerning the franchises without the authorization of Robeson or McDonald’s, in violation of Florida’s anti-wiretapping law.

The state action

On December 28, 2008, more than a month after McDonald’s filed its lawsuit in federal court, the Melton group filed this circuit court action against McDonald’s and Robeson, alleging that Robeson, a vice president of McDonald’s, accepted personal responsibility for the failure of one new franchise to meet projections, its impact on an existing one, and the prospective similar failure of a newer franchise and its prospective impact on another existing one. Robeson allegedly represented, on behalf of McDonald’s, that he would make the Melton group “whole” as to lost income and lost value as to those franchises, but he never did. The eight-count complaint filed from this nucleus of facts includes claims against Robeson for breach of fiduciary duty, fraud and misrepresentation, claims against McDonald’s for vicarious liability based on Robeson’s conduct, and claims against both Robeson and McDonald’s for fraud in the inducement and tortious interference with prospective business advantage in connection with the proposed sale of some of its franchises, which their actions allegedly defeated.
The federal action was filed and served first. After filing the instant state court action, the Melton group, defendants in the federal action, moved to dismiss and/or stay the federal action, claiming it would not resolve all the issues between the parties, but all the parties were before the Florida court (including Robeson, who was not a party to the federal action); McDonald’s had filed first in order to forum shop a case that otherwise could not be removed to federal court; there were no federal issues in the case; the Florida court could determine the rights and liabilities of all the parties; and factual issues predominated.
Defendants filed their motion to stay the proceedings in state court, due to the pen-dency of the earlier-filed federal action, citing authority that a subsequently filed state action should be stayed when a previously filed federal action is pending between substantially the same parties on substantially the same issues. They represented that the federal court was in the *678 process of considering the Melton group’s motion to stay or dismiss the federal lawsuit, which was fully briefed. In its response in opposition to that motion, McDonald’s took the position that the fact that Robeson was not a party was not significant, as the federal court could exercise supplemental jurisdiction over any claim that the Melton group sought to assert against him.
In the state court action, the Melton group opposed Defendants’ motion to stay proceedings, contending Robeson was hoping to escape liability; McDonald’s was engaged in forum shopping; the parties were not identical; the claims were different; and McDonald’s had filed two frivolous claims in a case which could not have been removed to federal court because Robeson is a Florida resident. The Melton group further argued that the only federal claim similar to the Florida claims is the claim by McDonald’s for declaratory judgment, in which it attempted to anticipate the claims which the Melton group would file against it, and was, therefore, better suited for a defense. The Melton group suggested that the federal court would likely stay or dismiss the action after properly considering the appropriate factors enunciated in Ameritas Variable Life Insurance Co. v. Roach, 411 F.3d 1328 (11th Cir.2005), describing when a federal court should decline to exercise discretionary jurisdiction of a declaratory action in favor of a subsequently filed parallel state court action.[1]
The trial court granted the stay as to McDonald’s, but denied the motion as to Robeson and ordered him to respond to the amended complaint within ten days. Defendants sought certiorari relief and this court has accepted jurisdiction. REWJB Gas Invs. v. Land O’ Sun Realty, Ltd., 643 So.2d 1107, 1108 (Fla. 4th DCA 1994) (reviewing order staying eviction case, pending the outcome of another suit, and denying certiorari relief), rev. dismissed sub nom. Williams v. Williams, 651 So.2d 1197 (Fla.1995); see also Pilevsky v. Morgans Hotel Group Mgmt., LLC, 961 So.2d 1032, 1033 n. 1 (Fla. 3d DCA 2007) (quashing order denying stay, where previously filed New York lawsuit would resolve most of the issues in the action).
First, Defendants argue that one court ordinarily will not consider a controversy over which another court has already obtained jurisdiction. Shooster v. BT Orlando Ltd. P’ship, 766 So.2d 1114, 1115 (Fla. 5th DCA 2000). This principle promotes comity between courts and prevents unnecessary litigation. Hirsch v. DiGaetano, 732 So.2d 1177, 1178 (Fla. 5th DCA 1999); Beckford v. Gen. Motors Corp., 919 So.2d 612, 613 (Fla. 3d DCA 2006). Second, Defendants maintain that, assuming it is proper to stay the Florida action, the Florida action should have been stayed in its entirety. Compare Pilevsky, 961 So.2d at 1035 (quashing order denying stay, though additional parties — the investors and officers of the corporate plaintiff in the New York action — were named as defendants in the Florida action; policy against forum-shopping “would be meaningless if a party could avoid the dictates of comity by simply naming nominal defendants in a second-filed action”). Defen-
*679 dants argue the Melton group would not be prejudiced by a stay and the federal court could exercise supplemental jurisdiction over any counterclaims against Robeson. See 28 U.S.C. § 1367.
In their response, the Melton group asserts Robeson lacks standing to request a. stay of the instant Palm Beach County proceeding pending the federal court’s ruling simply because he is not a party to the federal action. The Melton group contends there is no need for the federal court to reach out for expanded jurisdiction over Robeson by means of their filing a counterclaim against him, when all parties already are before the state court. Ameritas Variable Life Ins. Co., 411 F.3d at 1331 n. 5. Thus, they argue, the trial court did not depart from the essential requirements of law in denying Robeson’s request for a stay.
Defendants reply that Robeson does have standing because he has a sufficient interest at stake in the controversy. He is a central witness in both lawsuits, and his duplicative participation would be necessary if both lawsuits proceed. At any rate, the Defendants argue that clearly McDonald’s has standing to request a stay in the Palm Beach County circuit court and simply adding a party to a later filed suit does not control the issuance of a stay. See Pilevsky, 961 So.2d at 1035 (no requirement of identity of parties between two actions where parties were substantially similar and resolution of issues in first-filed action would resolve many of issues in second-filed action); Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387, 387 (Fla. 4th DCA 1991) (disparity in parties between two actions did not require denial of stay where the basis for the two actions were the same). Additionally, the Defendants maintain that the Melton group’s arguments that their claims against Robeson stand on their own does not square with their position that McDonald’s is vicariously liable for the same claims. Defendants point out that the Melton group has asserted the similarity of the two proceedings in their own motion to stay or dismiss the federal action.
The trial court wisely stayed the Melton group’s action against McDonald’s. See Beckford, 919 So.2d at 613 (“It is well-settled that when a previously filed federal action is pending between substantially the same parties on substantially the same issues, a subsequently filed state action should be stayed pending the disposition of the federal action.”). We believe that the Defendants’ arguments are well-taken and thus conclude that the trial court abused its discretion in not also staying the action as to Robeson. The issue of whether the federal action should be stayed or dismissed is currently pending in that court. Given the kinds of claims asserted in each complaint, the federal court may ultimately grant the Melton group’s motion to stay or dismiss the federal action pending the resolution of the state action. However, until the federal district court rules, the trial court should stay the entire subsequently filed and substantially related state action, not just that part of the lawsuit pending against McDonald’s. Otherwise, it is possible that the federal court will retain jurisdiction and the result will be two duplicative proceedings with the possibility of inconsistent results.
Accordingly, the petition for writ of cer-tiorari is GRANTED.
WARNER and CIKLIN, JJ., concur.

. The factors listed in that opinion include: the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; whether the judgment in the federal declaratory action would settle the controversy; whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; whether the declaratory remedy is being used merely for the purpose of "procedural fencing" — that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; and other factors. 411 F.3d at 1331.