ROTHENBERG, J.
 

 In this petition, Sergei V. Fedorov seeks quashal of the trial court’s duplicate orders denying his motion for stay. Because we conclude that the orders below would result in a material injury that cannot be corrected on appeal and that the lower court departed from the essential requirements of law, we grant the petition.
 

 Fedorov sought a stay on the ground that Citizens State Bank filed an earlier action in Michigan involving the same parties and substantially the same issues, and the Michigan case will decide all or substantially all of the issues in this action. The trial court denied the motion for stay in orders dated September 15, 2009, and September 16, 2009, and Fedorov petitions this Court for a writ of certiorari to quash these orders.
 

 The writ of certiorari is appropriate only where the lower court’s order results in a material injury which cannot be corrected on appeal and departs from the essential requirements of law.
 
 Sardinas v. Lagares,
 
 805 So.2d 1024, 1025 (Fla. 3d DCA 2001) (quoting
 
 Fla. Crushed Stone Co. v. Travelers Indem. Co.,
 
 632 So.2d 217, 220 (Fla. 5th DCA 1994)). Here, Fedorov contends that he will be materially or irreparably harmed if he is forced to litigate the same case in two separate states. We agree. The instant action and the Michigan case involve the same parties, and both turn on whether Fedorov is liable for loans made by Citizens State Bank for the benefit of a nonparty. At an August 31, 2008, hearing, the trial judge acknowledged that resolution of the Michigan case would resolve many of the issues in the subsequently filed Florida case:
 

 So you have the exact same parties.... You have ... the exact same counter
 
 *1229
 
 claim and what could have been the exact same Complaint but for the fact that they chose to file the second lawsuit here.... Another concern I have is with the discovery. It seems to me that if I stay this case you are going to be taking discovery in the Michigan case and then you are going to be doing most of that, if not all of that, all over again when this case is revived.
 

 It is well settled in Florida that “ ‘causes of action do not have to be identical’ to require a stay of the second-filed action,” and “[i]t is sufficient that the two actions involve a single set of facts and that resolution of the one case will resolve many of the issues involved in the subsequently filed case.”
 
 Pilevsky v. Morgans Hotel Group Mgmt., LLC,
 
 961 So.2d 1032, 1035 (Fla. 3d DCA 2007). A trial court has broad discretion to order or refuse a stay of an action pending before it; nonetheless, it is an abuse of discretion to refuse to stay a subsequently filed state court action in favor of a previously filed action which involves the same parties and the same or substantially similar issues. 961 So.2d at 1034-35. “This rule is based on principles of comity. Comity principles dictate that an action should be stayed, and a trial court departs from the essential requirements of law by failing to grant such a stay, when the first-filed lawsuit involves substantially similar parties and substantially similar claims.”
 
 Id.
 
 at 1035. We therefore find that the trial court departed from the essential requirements of law in denying Fedorovs motion for stay. Accordingly, we grant the petition and quash the orders dated September 15, 2009, and September 16, 2009.
 

 Certiorari granted; orders quashed.