LAGOA, J.
 

 Vincent Sorena (“Sorena”) petitions this Court for certiorari review of an order denying his motion to stay the proceedings below pending resolution of a first-filed lawsuit involving similar parties and issues. Because we find that this action involves both substantially similar parties and substantially similar issues as are involved in the earlier-filed action, we grant the petition for certiorari and quash the trial court’s order denying a stay of proceedings.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 Gerald J. Tobin (“Tobin” or “Attorney”) and Gerald J. Tobin, P.A. (“Tobin P.A.” or “Law Firm”) rendered legal services to Mordechai Shahak (“Shahak” or “Client”). According to Tobin, Sorena is Shahak’s business partner and therefore, responsible for legal fees incurred by Shahak.
 

 In October 2006, Tobin initiated an action against Shahak, Sorena, and other supposed partners of Shahak.
 
 See Tobin v. A & F Eng’g,
 
 No. 06-22984 (Fla. 11th Cir. Ct. filed Oct. 31, 2006),
 
 transferred,
 
 No. 2007 CA 006302 (Fla. 15th Cir. Ct. filed Apr. 24, 2007) (“First-Filed Action”). The complaint alleges that in early 2003, the defendants orally agreed to build a home on property owned by Tobin “under the guise of repaying” Tobin for legal services rendered to Shahak. Construction commenced in March 2003, and about a year later, Tobin decided to hire another contractor to finish the job. Tobin’s complaint asserts that the defendants: (1) converted funds by misrepresenting and overcharging Tobin for construction-related expenses, (2) fraudulently induced Tobin’s agreement to permit the construction, and
 
 *877
 
 (3) breached the oral agreement by failing to perform the work in a satisfactory manner.
 

 In March 2007, the trial court entered an order transferring the First-Filed Action to the Palm Beach County circuit court. The trial court’s order was affirmed by this Court,
 
 see Tobin v. A & F Eng’g,
 
 979 So.2d 967 (Fla. 3d DCA 2008), and the case is now pending in Palm Beach County,
 
 see Tobin v. A & F Eng’g,
 
 No. 2007 CA 006302 (Fla. 15th Cir. Ct. filed Apr. 24, 2007). The pleadings are not closed and the case has not been set for trial.
 

 Shortly after the First-Filed Action was transferred, the Law Firm commenced the underlying action against Sorena in Miami-Dade County.
 
 See Gerald J. Tobin, P.A. v. Sorena,
 
 No. 0715670 (Fla. 11th Cir. Ct. filed May 25, 2007) (“Second-Filed Action”). The complaint alleges that in May 2003, Sorena retained the Law Firm to represent him in “various legal transactions,” that the Law Firm mailed invoices for services rendered to Sorena, and that Sorena failed to pay the fees and costs set forth in the invoices. The relief sought includes damages and other monetary relief for breach of contract, account stated, and open account. Nineteen invoices dated from June 6, 2003 through April 30, 2007 are attached to the complaint.
 
 [1]
 
 Each invoice is addressed to Shahak, not to Sorena. None of the statements are itemized (except for several charges in the June 6, 2003 invoice); rather, the statements merely identify the total amount due for services in each of about eight to twelve various matters. The balance due on each matter is the same in every invoice issued since July 21, 2003.
 

 Sorena moved to dismiss the Law Firm’s complaint based on failure of consideration and the lack of an “account” to support the Law Firm’s claims. The motion was denied. Roughly two years later, Sorena sought an involuntary dismissal or, in the alternative, final summary judgment, arguing that the claims asserted in the Second-Filed Action arose out of the same transaction or occurrence as the claims asserted in the First-Filed Action.
 
 [2]
 
 The trial court denied the requested relief. About a year later, Sorena moved to stay the Second-Filed Action based on the pen-dency of the First-Filed Action, which the trial court denied. Sorena petitions this Court for a writ of certiorari to quash this order.
 

 II.
 
 ANALYSIS
 

 This Court has certiorari jurisdiction to review a trial court’s non-final order denying a motion for stay.
 
 See Pilevsky v. Morgans Hotel Group Mgmt., LLC,
 
 961 So.2d 1032, 1033, n. 1 (Fla. 3d DCA 2007);
 
 see also
 
 Fla. R.App. P. 9.030(b)(2)(A). Certiorari review is appropriate where the underlying order departs from the essential requirements of the law, resulting in a material injury that cannot be corrected on appeal.
 
 Fedorov v. Citizens State Bank,
 
 24 So.3d 1227, 1228 (Fla. 3d DCA 2009).
 

 “Comity principles dictate that an action should be stayed, and a trial court departs from the essential requirements of
 
 *878
 
 law by failing to grant such a stay, when the first-filed lawsuit involves substantially similar parties and substantially similar claims.”
 
 Pilevsky,
 
 961 So.2d at 1035.
 
 [3]
 
 Complete identity of the parties and claims is not required.
 
 In re Guardianship of Morrison,
 
 972 So.2d 905, 910 (Fla. 2d DCA 2007);
 
 Fedorov,
 
 24 So.3d at 1229. “It is sufficient that the two actions involve a single set of facts and that resolution of the one case will resolve many of the issues involved in the subsequently filed case.”
 
 Pilevsky,
 
 961 So.2d at 1035 (quoting
 
 Fla. Crushed Stone Co. v. Travelers Indem. Co.,
 
 632 So.2d 217, 220 (Fla. 5th DCA 1994)).
 

 The parties in the First-Filed and Second-Filed Actions are substantially similar. Sorena is named as a defendant in both lawsuits, and although Tobin brought the First-Filed Action individually, the impetus for the oral construction agreement between the parties was legal services rendered by Tobin to Shahak.
 
 [4]
 

 See Morrison,
 
 972 So.2d at 910 (complete identity of the parties is unnecessary);
 
 Pilevsky,
 
 961 So.2d at 1035 (failure to join certain investors and officers of defendant company in prior pending action did not favor denial of a motion to stay, rather, entry of a stay furthered Florida policy discouraging forum shopping).
 

 Likewise, the First-Filed and Second-Filed Actions involve substantially similar claims. Both lawsuits stem from the same set of facts, i.e., Tobin’s prior representation of Shahak, Shahak’s alleged partnership with Sorena, and the failure of either individual to properly compensate Tobin or the Law Firm for legal services rendered.
 
 [5]
 
 Further, the Palm Beach County action will determine, among other things, whether Shahak and Sorena were partners, whether Tobin agreed to accept the construction of a home on his property as compensation for legal services rendered to Shahak, and if so, what legal services were the subject of his agreement. Because resolution of the First-Filed Action will resolve many of the issues raised in the Second-Filed Action, a stay of the underlying proceedings was appropriate.
 
 See Fedorov,
 
 24 So.3d at 1229. We, therefore, conclude that the trial court’s failure to order a stay was a departure from the essential requirements of law.
 
 Id.; Pilevsky,
 
 961 So.2d at 1034-35.
 

 We also agree with Sorena that the trial court’s failure to stay the underlying proceedings will result in a material injury that cannot be corrected on appeal because
 
 *879
 
 it forces Sorena to continue litigating the same issues in two separate forums. Because the record reveals no valid reason justifying “a departure from the general rule of comity,”
 
 Pilevsky,
 
 961 So.2d at 1036, the trial court’s refusal to stay the Second-Filed Action results in a material injury that cannot be corrected on appeal.
 
 See Fedorov,
 
 24 So.3d at 1228.
 

 III.
 
 CONCLUSION
 

 Based on the foregoing, this Court grants certiorari, quashes the trial court’s order, and remands the case with instructions to enter a stay of the underlying proceedings pending resolution of the First-Filed Action.
 

 Petition granted.
 

 [1]
 

 . The invoices were issued sporadically until February 28, 2006, at which time statements were sent more or less monthly. Notably, no invoices were issued between July 22, 2003 and July 18, 2005, a period of nearly two years during which construction on Tobin’s property was ongoing.
 

 [2]
 

 . Sorena contemporaneously sought the removal of the action from the trial court’s calendar, a stay of discovery and pre-trial deadlines, and the transfer of the Second-Filed Action to Palm Beach County. These motions were denied.
 

 [3]
 

 . Although the “principle of priority’’ is based on comity principles, its application has not been limited to the stay of subsequently-filed state court proceedings in favor of earlier-filed actions pending in other state or federal courts.
 
 E.g., REWJB Gas Invs. v. Land O'Sun Realty, Ltd.,
 
 643 So.2d 1107, 1108 (Fla. 4th DCA 1994) (approving stay of subsequent action filed in Broward County in favor of prior lawsuit filed in Dade County);
 
 Lightsey v. Williams,
 
 526 So.2d 764, 766 (Fla. 5th DCA 1988) (quashing order denying stay of Osceola County proceedings in favor of earlier-filed Polk County action).
 

 [4]
 

 . The Law Firm was eventually joined as a counter-defendant in the First-Filed Action, but not until after the trial court entered its order denying the motion for stay filed in the underlying action.
 

 [5]
 

 .The Law Firm contends that the legal services involved in the First-Filed Action are not the same legal services involved in the Second-Filed Action. However, there is ample support in the record for the conclusion that the legal services identified in the First-Filed and Second-Filed Actions overlap. For example, the invoices appear only to summarize outstanding fees carried forward from 2003 (during which time Tobin rendered at least a portion of the services involved in the First-Filed Action). In addition, the Law Firm did not issue any invoices for the two-year period that coincided with the construction on Tobin’s property.