SALTER, J.
 

 The three petitioners, defendants below, developed a mixed-use real estate project that included condominium units and a hotel. The respondent is a condominium association of the 210 residential unit owners. The petition seeks to quash three non-final orders authorizing a receiver to pay the attorney’s fees of the respondent prior to judgment in the underlying lawsuit. We grant the petition and quash the orders.
 

 Facts and Procedural Background
 

 The condominium association sued the developers to establish that the unit owners had a fee simple interest in the highrise structure and the ground beneath it, rather than some lesser property interest. The developers had planned and marketed a condominium-hotel property whereby unit owners would have the right under management and rental agreements to allow the use of their units as hotel rooms, and the property would operate as a “Le Meridien” hotel. The primary issue between the respondent condominium association and the developers in the circuit court lawsuit is whether the condominium units were sold as fee simple interests or as air rights, with others retaining ultimate control over the lower parts of the building and the land beneath it.
 

 The lawsuit began in 2008. In late 2009, the condominium association moved for the appointment of a receiver. Ultimately the parties agreed to an amended order whereby a former circuit judge was appointed to manage and operate the condominium and hotel. The receiver’s powers were detailed in the eight-page order and included the custody and control of all income, disbursements, and records relating to the properties. Of importance to the issues that ultimately brought the parties here, the receiver was authorized to hire counsel and to preserve and protect the hotel and condominium properties, paying such traditional expenses as property taxes, utility charges, and maintenance, while collecting the various types of revenue generated by the hotel and condominium properties.
 

 Thereafter the receiver entered into an agreement with the respondent condominium association whereby the association’s own accountant would hold unit owner assessments in escrow and pay from such funds the condominium-related expenses designated by the association. The escrow agreement included a mechanism for payment of the association’s legal fees upon written approval by the receiver, with no provision for (a) notice to the defendants in the lawsuit or (b) approval by the trial court.
 

 
 *743
 
 After approximately $180,000 in payments to the association’s attorneys were made, the receiver moved the trial court to approve the escrow agreement. The trial court approved the escrow agreement, but with a proviso that any payments to be made to the association’s attorneys would require prior court approval. The defendants opposed the association’s motion to approve further payments of attorney’s fees and sought disgorgement of those that had been paid to the association’s counsel previously. The trial court denied the disgorgement motion and authorized a further payment of the association’s attorney’s fees that brought the total fees to $345,000. The defendants then sought certiorari here.
 

 Analysis
 

 In order to obtain relief via certiorari, the defendants below are obligated to demonstrate that the orders below depart from the essential requirements of law, cause material injury to them, and effectively leave them no adequate remedy on appeal.
 
 Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097 (Fla.1987);
 
 Phoenix Ins. Co. v. Trans World Forwarding, Inc.,
 
 19 So.3d 430 (Fla. 3d DCA 2009).
 

 In this ease, the orders are a departure from the essential requirements of Florida receivership law, which establishes a court-appointed receiver of property
 
 [1]
 
 as a neutral conservator of that property pending the court’s disposition of the parties’ competing claims to it. The trial court may not authorize the release to a party of property in dispute and under the protection of the receiver unless that action directly benefits the property in care of the receiver as determined by the trial court.
 
 Turtle Lake Assoc., Ltd. v. Third Fin. Servs., Inc.,
 
 518 So.2d 959, 961 (Fla. 1st DCA 1988). From that well-established principle it follows that an award of fees to an attorney for one of the parties, proposed to be paid from the receivership assets, would also be prohibited before the disposition of the parties’ competing claims to those assets.
 
 [2]
 

 In this case, the plaintiff/respondent argued that the attorneys for the association provided a benefit to the properties by assuring due process for the association and the appropriate expenditure of the funds raised from condominium unit owner assessments. This argument is unavailing, however, as the receiver was appointed for the condominium property and all of the other property connected with the project. Both sides, the association and the developers, claim ownership of the receivership assets. In such a case, there is simply no basis (before an adjudication on the merits) to fund one side’s litigation expenses from the assets held by the receiver.
 

 Nor do we find that such an error can be remedied upon plenary appeal. If one side is able to fund its attorneys’ fees
 
 *744
 
 incurred in the lawsuit by reimbursement from the receivership assets, the resultant prejudice cannot be cured after a judgment for that party. Finally, we find no merit in the estoppel argument raised by the respondent. The record establishes that the petitioners objected to the disbursements in question promptly after learning of them, and that they sought disgorgement of those funds paid previously but without disclosure.
 

 Conclusion
 

 When a party itself is paying substantial funds into a receivership, as here, it seems reasonable that some of those funds might be authorized for payment of that party’s attorneys. But the linchpin of a receivership is the principle that a receiver, like the appointing court itself, is a neutral party in the underlying dispute. The receiver’s role is the preservation and protection of the assets in dispute, not as a paying agent for the litigation-related legal expenses of one of the parties. We therefore grant the petition and quash the circuit court orders
 
 [3]
 
 in question. We do so without prejudice to (a) the ultimate disposition of the parties’ rights to claim or recover attorney’s fees and costs from each other at the conclusion of the lawsuit, and (b) the rights of the petitioners or receiver to seek disgorgement of the attorney’s fees and costs paid to counsel for the respondent pursuant to those orders.
 

 Petition for certiorari granted; orders quashed.
 

 [1]
 

 . A statutory receiver for a corporation or other entity has a somewhat different role and basis for appointment. The receiver in this case was a common law receiver appointed to preserve and protect real and personal property, including those revenues produced by the property during the pendency of the lawsuit.
 

 [2]
 

 . In
 
 Sundale Associates, Ltd. v. Moore,
 
 481 So.2d 1300, 1301 (Fla. 3d DCA 1986), this Court held that even a former receiver could not recover his own legal defense costs when one party to the earlier lawsuit alleged that the receiver committed a tort during the receivership, because "those expenses did not arise out of the receivership and could not in any way benefit the receivership estate, as opposed to the receiver individually." The same analysis must surely preclude a claim for fees by a party for payment of its attorney's fees from the receivership assets, as opposed to the receiver’s claim for his or her own attorney’s fees.
 

 [3]
 

 . The three orders were entered March 1, 2011. Two are captioned identically, "Order Granting Receiver’s Motion for Authorization to Pay M Resort Residences Condominium Association, Inc.’s Counsel's Fees and Costs Pursuant to Order Granting Receiver’s Amended Motion for Approval of Interim Easement Parcel Management Agreement and Procedure for Payment of Association Related Expenses.” The third order is captioned "Order on Fortune Defendants’ Amended Motion for Disgorgement and Return of Receivership Funds.”