SALTER, J.
Petitioners, Benihana of Tokyo, Inc. (“BOT”), Keiko Aoki, and Takanori Yoshi-moto, seek a writ of certiorari quashing a circuit court order denying their motion to stay a lawsuit brought against them in Miami, pending the resolution of two federal lawsuits in the United States District Court for the District of Delaware. One of those federal lawsuits was the first-filed case as among the three actions. BOT’s complaint in the first-filed federal case in Delaware asserted claims against two of the three respondents here (Benihana, Inc. and Noodle Time, Inc.). The third respondent, Benihana National Corp., is a wholly-owned subsidiary of Benihana, Inc. (as is Noodle Time, Inc.); we refer to the three respondents collectively as “BI.”
In December 2011, we granted the petitioners’ motion to stay further proceedings in the Miami-Dade circuit case against them pending further order of this Court. Following our review of BI’s response to the petition, the petitioners’ reply, and the status reports we required regarding the progress of the federal cases in Delaware, we now grant the petition and quash the circuit court’s order of September 22, 2011, that denied the petitioners’ motion to stay BI’s Florida lawsuit.
“This Court has certiorari jurisdiction to review a trial court’s non-final order denying a motion for stay.” Sorena v. Gerald J. Tobin, P.A., 47 So.3d 875, 877 (Fla. 3d DCA 2010) (citations omitted). In the present case, the parties in the three lawsuits are substantially similar and related, and the various claims and counterclaims are overlapping.
“Comity principles dictate that an action should be stayed, and a trial court departs from the essential requirements of law by failing to grant such a stay, when the first-filed lawsuit involves substantially similar parties and substantially similar claims.” Pilevsky [v. Morgans Hotel Group Mgmt., LLC], 961 So.2d [1032] at 1035 [(Fla. 3d DCA 2007)]. Complete identity of the parties and claims is not required. In re Guardianship of Morrison, 972 So.2d 905, 910 (Fla. 2d DCA 2007); Fedorov [v. Citizens State Bank], 24 So.3d [1227] at 1229 [(Fla. 3d DCA 2009) ]. “It is sufficient that the two actions involve a single set of facts and that resolution of the one case will resolve many of the issues involved in the subsequently-filed case.” Pilevsky, 961 So.2d at 1035 (quoting Fla. Crushed Stone Co. v. Travelers Indem. Co., 632 So.2d 217, 220 (Fla. 5th DCA 1994)).
Sorena, 47 So.3d at 877-78 (footnote omitted).
In the present case, the first-filed Delaware federal action and the circuit court action in Miami (filed five months later) include common issues, such as the validity and effect of an assignment of trademarks and a contract and amendment purportedly entered into by BOT and BI in 1994 and 1995.[1]
Both of the federal lawsuits in the Delaware action are the subject of pretrial deadlines for pleadings, discovery, motions, and pretrial compliance. A United *1155 States Magistrate Judge was designated to explore alternative dispute resolution. A jury trial is set for August 2014.
BI’s amended complaint in Florida, which has not been set for trial, essentially describes the first-filed federal action in Delaware as a device for the public disparagement of the respondents. The verdict and judgment in the Delaware lawsuits appear likely to materially affect the viability of some of the respondents’ claims in the Florida lawsuit, and the prospect for inconsistent verdicts or other outcomes, if the Florida lawsuit is permitted to proceed before disposition of the Delaware lawsuits, is apparent from the record before us.
We are satisfied that the petitioners have demonstrated material injury and the absence of an adequate remedy on appeal if the Florida action is permitted to move forward with pretrial discovery, motions, and trial before the first-filed Delaware lawsuit. See Fortune Int’l Hospitality, LLC v. M Resort Residences Condo. Ass’n, Inc., 77 So.3d 741, 743 (Fla. 3d DCA 2011).
For these reasons, we grant the petition, quash the order denying the petitioners’ motion for a stay, and vacate our own interlocutory stay order (in anticipation that the trial court will grant the petitioners’ motion for a stay of the circuit court action).[2]
Petition granted.

. Initially, the Florida lawsuit brought by the respondents alleged that the first-filed federal lawsuit in Delaware was intended by BOT to disparage, and to diminish the value of, BI. The respondents later amended their Florida lawsuit to eliminate several specific references to the Delaware lawsuits.

. After the dismissal, trial, or other disposition of the first-filed Delaware lawsuit, of course the respondents may seek to lift the stay of the Florida circuit court action as to any remaining, independent claims.